# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JASON S. STALBAUM, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:19-cv-00111 |
| ULTIMATE MEDICAL ACADEMY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Jason S. Stalbaum ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Ultimate Medical Academy ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains significant business contacts in the Eastern District of Wisconsin, Plaintiff resides in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a healthcare educational institution with a national presence. Defendant's principle place of business is located at 3101 West Doctor M.L.K Jr. Blvd. Tampa, Florida 33607. Defendant regularly conducts business with consumers in Wisconsin.

## FACTS SUPPORTING CAUSE OF ACTION

6. In or around December 2018, Defendant began placing calls to Plaintiff's cellular phone about its different medical education program.

7. Plaintiff was confused, as he is a diesel mechanic and never provided his number to Defendant or otherwise invited these calls.

8. Immediately after the calls began, Plaintiff answered a call from Defendant and requested that the phone calls cease.

9. Plaintiff's request fell on deaf ears as Defendant continued placing calls to Plaintiff's cellular telephone using an automated dialing system.

10. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between December 2018 and the present day.

11. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

12. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to speak to Plaintiff.

13. Rather than ceasing to place calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one day.

14. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system.

15. Defendant placed or caused to be placed calls to Plaintiff's cellular telephone number (262) XXX-1887.

16. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 1887. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

17. The telephone numbers Defendant most often uses to place calls to Plaintiff's cellular telephone are (920) 482-2470, (920) 482-2426, (920) 482-2403, (920) 212-3557, and (920) 215-8775, but upon information and belief, Defendant has placed calls to Plaintiff's cellular telephone using other numbers.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-

kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

21. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

26. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone from December 2018 through the present day using an ATDS without his consent.

28. Any prior consent, if any, was revoked by Plaintiff's verbal revocation. As pled above, Plaintiff verbally revoked consent to be called on his cellular phone to no avail.

29. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

31. Upon information and belief, Defendant knew its automated calls were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, vendors, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JASON S. STALBAUM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: January 18, 2019                                        Respectfully Submitted,

                                                               /s/ Omar T. Sulaiman
                                                               /s/ Marwan R. Daher
                                                               Omar T. Sulaiman, Esq.
                                                               Marwan R. Daher, Esq.
                                                               *Counsel for Plaintiff*
                                                               Sulaiman Law Group, Ltd
                                                               2500 S Highland Ave, Suite 200
                                                               Lombard, IL 60148
                                                               Telephone: (630) 575-8181
                                                               osulaiman@sulaimanlaw.com
                                                               mdaher@sulaimanlaw.com

6

Case 2:19-cv-00111-JPS   Filed 01/18/19   Page 6 of 6   Document 1